HOFFKINS, Respondent, *v.* MANHATTAN RY. CO., Appellant.

(*Supreme Court, General Term, Second Department.* July 2, 1889.)

Appeal from circuit court, Westchester county.

*Davies & Rapallo,* (*Frederic A. Ward,* of counsel,) for appellant. *Cornelius E. Kene,* for respondent.

DYKMAN, J. The plaintiff was a passenger upon the defendant's road, and left the cars at Franklin Square station. As she took the second step upon the station platform, she perceived her dress was caught, and at the same time the train started, and she was drawn down, and her dress was torn off. Her side was injured and she suffered from nervousness and *insomnia.* The cause was tried at the circuit, and the plaintiff recovered a verdict for $750. There was sufficient proof to carry the cause to the jury upon the question of the negligence of the defendant's servants, and the charge of the trial judge was free from error. There was neither proof nor evidence of any negligence on the part of the plaintiff, and we find no merit in the appeal. The judgment and order denying the motion for a new trial should be affirmed, with costs.

---

VALENTINE, Respondent, *v.* RICHARDT, Appellant.

(*Supreme Court, General Term, Second Department.* July 2, 1889.)

Appeal from special term, Kings county.

*Donohue, Newcombe & Cardoza,* for appellant. *Cornell, Secor & Page,* for respondent.

DYKMAN, J. It is the object of this action to impress a trust upon certain real property in favor of the plaintiff, and a receiver of the rents and profits of such property has been appointed, to collect the rents, and pay certain interest upon mortgages resting upon the property, and also to pay the taxes thereon, and insure the property against fire. The defendant has appealed from the order, but we find no merit in the appeal, and the order should be affirmed, with $10 costs and disbursements.

---

RAHT *v.* ATTRILL *et al.*

(*Supreme Court, General Term, Second Department.* July 2, 1889.)

Appeal from an order of the special term, Queens county, confirming report of a referee, and directing the payment to C. P. Huntington of $4,000 advanced by him to the reorganization committee of the Rockaway Beach Improvement Company.

*Lewis Sander, in pro. per.,* and for H. H. Chittenden. *Dixon, Williams & Ashley,* for W. B. Stevens and Globe National Bank. *Thos. M. Wheeler,* for Frederick Taylor. *B. F. Tracy,* (*W. W. MacFarland,* of counsel,) for C. P. Huntington.

DYKMAN, J. The order from which this appeal is taken is so obviously just that there would seem to be no legal impediment in the way of its affirm-

ance. After C. P. Huntington had proved his large claim before the referee appointed to receive the same, he and his lawyers ascertained that they had omitted to prove three certificates showing an advance of $4,000 to the reorganization trustees. Such omission was plainly inadvertent, and the claim manifested by the certificates was as plainly honest. Thereupon an application was made, and granted, to open the proofs and permit proof of the claim to be made, which was done; subsequently the report of the referee in relation to the certificates was confirmed, and the claim was allowed. It is unnecessary to go over the case, and we find no violation of legal principles in making the order. Neither do we find any violation of the stipulations entered into by the counsel of Huntington, and, if the order relieves him in any way from the effect of such stipulations, it is in the interest of justice, and should be affirmed, with $10 costs and disbursements.